UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZZMON STOVALL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware corporation,<br><br>Defendant. | Case No.: 20-CV-1595 JLS (LL)<br><br>**ORDER REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>(ECF Nos. 1, 3) |

Presently before the Court is Defendant Amazon.com Services LLC's Response to Order to Show Cause as to the Court's Subject Matter Jurisdiction ("Resp.," ECF No. 4), in which Defendant introduces additional evidence to substantiate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000, *see id.* at 2–7, and urges that Plaintiff Jazzmon Stovall's claims do not "aris[e] under" California's workmen's compensation laws such that they are non-removable under 28 U.S.C. § 1445(c). *See* Resp. at 7–9. Having considered Plaintiff's operative First Amended Complaint (ECF No. 1-4), Defendant's Notice of Removal (ECF No. 1) and Response, and the relevant law, the Court **REMANDS** this action to the Superior Court of the State of California, County of San Diego.

///

As noted in the Court's August 25, 2020 Order to Show Cause as to the Court's Subject-Matter Jurisdiction ("OSC," ECF No. 3):

> "[A] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "A claim 'arises under' a workmen's compensation law[] if it is apparent from the face of the complaint either that (1) a workmen's compensation law creates the plaintiff's cause of action; or (2) if another law creates the cause of action, a workmen's compensation law that creates a cause of action is a necessary element of the plaintiff's claim." *Southworth v. United Air Lines Inc.*, No. CV 10-4683-VBF(FMOx), 2010 WL 11601184, at *1 (C.D. Cal. Aug. 31, 2010) (quoting *Virgin v. Cty. of San Luis Obispo*, 201 F.3d 1141, 1142–43 (9th Cir. 2000)).
>
> Here, Plaintiff alleges that she suffered a workplace injury, FAC ¶ 11, for which she eventually received treatment from Defendant's insured urgent care provider. *Id.* ¶ 13. A couple months later, Plaintiff was terminated. *Id.* ¶ 15. Among other things, Plaintiff alleges that she "was subjected to discrimination and retaliation because she suffered a workplace injury . . . and because she objected to unlawful employment practices by complaining of Defendant's failure to provide treatment through its workers compensation doctors." *Id.* ¶ 26. These and other allegations also form the basis of Plaintiff's wrongful termination in violation of public policy cause of action. *See id.* ¶ 39.

*Id.* at 3–4.

In its Response, Defendant argues that "Plaintiff alleges that her claims arise under California's Fair Employment and Housing Act ("FEHA"), not under the workers compensation laws, which substantiates removal here." *Id.* at 7. Relying on *Rhodes v. Costco Wholesale Corporation*, No. 09-CV-2896 H (JMA), 2010 WL 744390 (S.D. Cal. Mar. 3, 2010), and *Threadgill v. McLane/Suneast, Inc.*, No. EDCV 14-2269 JGB SPX, 2015 WL 114203 (C.D. Cal. Jan. 8, 2015), Defendant argues that "the workers' compensation laws 'are not a necessary element of Plaintiff's FEHA . . . claim[s]' and "do not require any 'inquiry into the meaning of the workers' compensation laws.'" Resp. at 8 (quoting *Threadgill*, 2015 WL 114203, at *4; *Rhodes*, 2010 WL 744390, at *2) (alterations in original). "Moreover, Plaintiff's claim that Defendant failed to accommodate her

disability is a separate issue entirely, which does not depend or rely on any workers' compensation laws." *Id.* at 9.

"[T]he issue here is whether Plaintiff's claim 'arises under' California's workers' compensation laws." *See Names v. Lee Pubc'ns, Inc.*, No. 09cv0132 BEN (CAB), 2009 WL 3008296, at *2 (S.D. Cal. Sept. 21, 2009). "The term 'arising under' in the context of § 1445(c) has the same meaning as 'arising under' in 28 U.S.C. § 1331." *Hamblin v. Coinstar, Inc.*, No. CIV. S-071258 WBS KJM, 2007 WL 4181822, at *1 (E.D. Cal. Nov. 21, 2007) (collecting cases).

> In defining "arising under" for purposes of § 1331, the Ninth Circuit has explained that
>
> > [a] claim arises under a federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

*Id.* (quoting *Virgin*, 201 F.3d at 1142–43) (alteration in original). "Therefore, for purposes of § 1445(c), plaintiffs' claim 'arises under' California's workers' compensation laws if the workers' compensation laws create plaintiff's cause of action or if it is necessary to interpret those laws to resolve plaintiffs' claim." *Id.* The Ninth Circuit has not weighed in on whether a retaliation or wrongful discharge claim premised on the filing of a workers' compensation claim "aris[es] under" California's workers' compensation laws such that remand is required under Section 1445(c), and there is a split of authority among district courts in California. *See, e.g.*, *Magana v. Biogen Idec, Inc.*, No. 09-CV-2637 W(BLM), 2010 WL 11508875, at *2 (S.D. Cal. Apr. 12, 2010) (collecting cases); *see also Hamblin*, 2007 WL 4181822, at *2, *4 (collecting cases).

Defendant's characterization of Plaintiff's claims is misleading, focusing on Plaintiff's allegations of discrimination, retaliation, and wrongful termination as a result of Plaintiff's "disability." *See* Resp. at 7–8 (quoting FAC at 6, 8). While Plaintiff's First Amended Complaint contains such allegations, they are not the extent of Plaintiff's

allegations. *See generally* FAC. Rather, Plaintiff alleges five causes of action: (1) disability discrimination in violation of Cal. Gov't Code § 12940(j); (2) failure to prevent discrimination or harassment in violation of Cal. Gov't Code § 12940(k); (3) failure to make reasonable accommodations and failure to engage in a timely and good faith interactive process in violation of Cal. Gov't Code §§ 12926.1(e), 12940(m), 12940(n); (4) wrongful termination in violation of public policy; and (5) intentional infliction of emotional distress. *See generally* FAC ¶¶ 17–43. Plaintiff's general allegations indicate that she suffered a workplace injury, *id.* ¶ 11, for which she eventually received treatment from Defendant's insured urgent care provider, *id.* ¶ 13, and that she was terminated within a couple months. *Id.* ¶ 15. Plaintiff's second cause of action for failure to prevent discrimination or harassment is premised on the following: "Plaintiff was subjected to discrimination and retaliation because she suffered a workplace injury, which left her with a disability or perceived disability, and *because she objected to unlawful employment practices by complaining of Defendant's failure to provide treatment through its workers compensation doctors* and HR Department's failure to accommodate her disability by allowing her to return to work." *Id.* ¶ 26 (emphasis added). Plaintiff's fourth cause of action for wrongful termination hinges upon "[t]he above-described conduct . . . [which] constitutes disability discrimination, retaliation[,] and wrongful termination in violation of public policy embodied in the [Fair Employment and Housing Act ("FEHA")]." *Id.* ¶ 39.

This case is analogous to *Names*, in which the plaintiff alleged the same FEHA causes of action as Plaintiff here. *See* 2009 WL 3008296, at *1. As here, the plaintiff in *Names* alleged retaliation for the filing a workers' compensation claim. *See id.* at *1–2. Although the operative complaint in *Names* did not explicitly reference California Labor Code section 132(a), *see* Amended Complaint for Damages, *Names v. Lee Publications, Inc.*, No. 09cv0132 BEN (CAB) (S.D. Cal. removed Jan. 23, 2009), ECF No. 1 Ex. G, the court noted that "Section 132a, which is part of the state's workers' compensation laws, 'clearly creates [the] substantive right to be free from retaliatory discharge after making a

workers' compensation claim.'" [1] *Names*, 2009 WL 3008296, at *3 (quoting *Quinones v. Target Stores*, No. C 05-03570 JW, 2005 WL 3157515, at *5 (N.D. Cal. Nov. 22, 2005)) (alteration in original). The court further concluded that "[t]he fact that Plaintiff brings his retaliation [claim] under FEHA does not alter the analysis[ b]ecause section 132a provides the necessary public policy," meaning "Plaintiff's retaliation claim under FEHA would apparently not exist without it." *Id.* Having concluded that the "[p]laintiff's retaliation claim under FEHA is . . . dependent on and 'arises under' California's worker's compensation laws," the court remanded the case to state court pursuant to Section 1445(c). *See id.* at *3–4 (citing *Hamblin*, 2007 WL 4181822, at *3).

Here, as in *Names*, Plaintiff alleges that she suffered retaliation because, among other things, she filed a workers' compensation claim, *see* FAC ¶ 26, and that she was wrongfully discharged for those same reasons. *See* FAC ¶ 39. Under the reasoning in *Names*, which has been followed in several cases in this District, *see, e.g.*, *Magana*, 2010 WL 11508875, at *2; *Rivas v. Manorcare Health Servs., Inc.*, No. 09-CV-594 W(AJB), 2010 WL 11508763, at *2 (S.D. Cal. Feb. 5, 2010); *Rodriguez v. Acushnet Co.*, No. 09-CV-2538-H (POR), 2010 WL 11508995, at *2–3 (S.D. Cal. Jan. 11, 2010),[2] Plaintiff's

---

[1] In relevant part, Section 132a provides:

> It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.
>
> (1)   Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer . . . is guilty of a misdemeanor . . . .

Cal. Labor Code. § 132(a)(1).

[2] Plaintiff relies extensively on *Rhodes*, an in-District decision in which the court denied a motion to remand. *See* Resp. at 8–9. In *Rhodes*, the plaintiff settled and released any claim for disability discrimination under Section 132a, rendering the plaintiff in that case "precluded from pursuing a claim for retaliation under the relevant section of California's workers' compensation laws." 2010 WL 744390, at *2. Consequently, unlike Plaintiff and the plaintiffs in *Names*, *Magana*, *Rivas*, and *Rodriguez*, the plaintiff in *Rhodes* could "not bring a claim under Labor Code section 132a directly," leading the court to "conclude[] that Plaintiff's FEHA retaliation claim does not arise under . . . section [132a]." *Id.*

1  wrongful discharge claim "arises under" California's workers' compensation laws and, therefore, is non-removable under Section 1445(c). "[A]n alternative finding would conflict with the congressional concern for the states' interest in administering their own workers' compensation schemes and the Ninth Circuit's guidance in regards to removal jurisdiction." *See Rivas*, 2010 WL 11508763, at *2 (citing *Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1061 n.6 (9th Cir. 2002); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Further, "[i]n light of the finding that Plaintiff's fourth cause of action was not removable, this Court believes that principles of judicial economy and comity support the remand of the other causes of action, all of which are state based." *See Magana*, 2010 WL 11508875, at *2; *accord Rivas*, 2010 WL 11508763, at *3; *Names*, 2009 WL 3008296, at *4. The Court therefore **REMANDS** this case to the Superior Court for the State of California, County of San Diego pursuant to 28 U.S.C. §§ 1445(c) and 1447(c).

**IT IS SO ORDERED.**

Dated: September 14, 2020

Hon. Janis L. Sammartino
United States District Judge